**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 09a0419n.06**

**No. 08-3647**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Jun 11, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| DEEPAKCHANDRA KANTILAL PATEL; GITABEN PATEL, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) ) | ON PETITION FOR REVIEW FROM A DECISION OF THE BOARD OF IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) ) | |
| Respondent. | ) ) | |

Before: SILER, COOK, and GRIFFIN, Circuit Judges.

COOK, Circuit Judge. Deepakchandra Patel ("Mr. Patel"), and his wife, Gitaben ("Mrs. Patel"), both citizens of India, petition for review of a final order of the Board of Immigration Appeals ("BIA") that affirmed the decision of an Immigration Judge ("IJ") denying their applications for withholding of removal and claims for Convention Against Torture relief on credibility grounds. Because substantial and probative record evidence does not compel a conclusion contrary to that reached by the IJ, we deny the petition for review.

I.

1

No. 08-3647
*Patel v. Holder*

In May or June 1998, Mr. Patel entered the United States, by way of New York City, without admission or parole. Petitioners' Appendix ("PA") 87. Six years later, Tennessee authorities arrested him on a charge of sexual battery and kidnaping. Respondent's Appendix ("RA") 192, 194. Mr. Patel later entered a guilty plea in Tennessee state court on lesser charges of simple assault and false imprisonment. RA 193, 195. An earlier arrest for battery—the disposition of which is unknown—occurred in January 1999 in Illinois. PA 66, RA 200.

On November 10, 2004, after Mr. Patel completed serving his time for the Tennessee convictions, the Department of Homeland Security (the "DHS") commenced removal proceedings against him before a Memphis IJ, alleging that Mr. Patel violated 8 U.S.C. § 1182(a)(6)(A)(i), as "[a]n alien present in the United States without being admitted or paroled," and 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an "alien convicted of . . . a crime involving moral turpitude." The IJ deemed Mr. Patel subject to removal on both grounds. RA 159. Afterward, in July 2005, Mr. Patel submitted applications for asylum and withholding of removal, including his wife as a derivative applicant.[1]

After a hearing on September 5, 2006, the IJ issued an oral decision in which he found the Patels removable as charged, determined that Mr. Patel lacked credibility, and denied their

---

[1]Mrs. Patel conceded removability before an IJ in Buffalo, New York, on February 10, 2006. After she requested a change of venue to the court in Memphis, Tennessee, the Memphis IJ granted her request to consolidate the cases. Mrs. Patel's stake in this petition is derivative of her husband's arguments.

applications for withholding of removal and protection under the Convention Against Torture ("CAT"). The IJ ordered the Patels removed to India. The BIA denied the Patels's appeal, relying on the credibility finding to deny the applications for withholding of removal and CAT protection. The Patels now challenge that credibility assessment in their petition for review.

II.

Mr. Patel must demonstrate that his "life or freedom would be threatened in [India] on account of . . . [his] political opinion" in order for the court to withhold removal. *Khalili v. Holder*, 557 F.3d 429, 435–36 (6th Cir. 2009). The applicant seeking to withhold removal faces a stringent burden; Mr. Patel must establish a "clear probability" that he would suffer persecution in India. Likewise, in order for CAT protection to apply, Mr. Patel must establish that "it is more likely than not that [he] would be tortured if removed to [India]." *See Kaba v. Mukasey*, 546 F.3d 741, 751 (6th Cir. 2008).

This court reviews legal conclusions de novo and factual findings and credibility determinations for substantial evidence. *Shan Sheng Zhao v. Mukasey*, 553 F.3d 436, 443 (6th Cir. 2009). We uphold fact findings as long as they have support in "reasonable, substantial and probative evidence on the record considered as a whole." *Id.* An IJ's credibility determination constitutes a finding of fact and thus receives that deferential review. *Kaba*, 546 F.3d at 748. Under this deferential substantial-evidence standard, an IJ's fact findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Khalili*, 557 F.3d at 435

(quoting *Gishta v. Gonzales*, 404 F.3d 972, 978 (6th Cir. 2005)).  Furthermore, under the REAL ID Act of 2005, which applies to applications—such as this one—filed on or after May 11, 2005, an IJ may base an adverse credibility finding on inconsistencies, inaccuracies, or falsehoods "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).  Patel asks us to deem his testimony credible and remand for the BIA to consider the IJ's alternative merits-based findings on both the withholding of removal and the CAT claims.  We decline to do so.

The IJ set forth several inconsistencies between Mr. Patel's asylum application and his testimony at the hearing.  According to Mr. Patel's asylum statement, during the campaign season for a 1998 state-assembly election, members of the Bharti Janata Party ("BJP") threatened to kill him and harm his family due to his canvassing on behalf of the Congress Party.  PA 10.  Mr. Patel's statement narrated that BJP members came to his home and threw stones at him, and that Mr. Patel could not identify his assailants because they covered their faces.  PA 10.  But at hearing, Mr. Patel testified that he could see his assailants' faces and could identify one by the assailant's voice.  *Id.* When prodded at trial as to whether he could see his assailants' faces, Mr. Patel recanted, saying, "I'm sorry I haven't seen their faces."  *Id.*  His testimony at the hearing also described an incident where the assailants attempted to suffocate him with a pillow that he did not recount in his asylum statement.  Furthermore, although Mr. Patel testified that he reported the beating to police, Mr. Patel's counsel could only direct the IJ to a 2004 complaint.  In light of these discrepancies, the IJ noted that during the hearing, Mr. Patel was "repeatedly unresponsive . . . and would frequently

change his story when confronted with inconsistencies," and determined that Mr. Patel lacked credibility. PA 15–16. Under our deferential review, we agree. Mr. Patel's failure to testify credibly undermines both his claim that he would be subject to threats that would compel withholding of removal, *Khalili*, 557 F.3d at 435–36, and that he would be subject to torture that would warrant CAT protection, *Kaba*, 546 F.3d at 751.

III.

We deny the Patels's petition for review.